

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-04183

_Law and Policy Section_                                                            _Telephone (202) 514-1442_
_P.O. Box 7415_                                                                       _Facsimile (202) 514-4231_
_Ben Franklin Station_
_Washington, DC 20044-7415_

April 8, 2016

Clerk of the Court
United States District Court for the
District of Massachusetts
Boston Division
1 Courthouse Way, Ste. 2300
Boston, MA 02210

      Re:    Conservation Law Foundation, Inc. v. Wareham Boat Yard & Marina, Inc. et al.,
             Case No. 1-16-cv-10174

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed consent decree in this action and has no objection to the Court's dismissal of this case in accordance with the terms of the proposed consent decree.

      On April 1, 2106, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent decree in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

See also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.

      In its review, the United States seeks to ensure that the proposed consent decree complies with the requirements of the relevant statute and is consistent with its purposes. For example, if the violating party has been out of compliance with statutory or permit requirements, the consent decree should require that party to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project ("SEP") payment sufficient to deter future violations, or combinations of the above.

In its complaint, Plaintiff, Conservation Law Foundation, Inc., alleged violations of Sections 301(a) and 402 of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, for the discharge of industrial stormwater without a permit, the failure to obtain a Clean Water Act permit for industrial discharges, and the failure to comply with the 2015 Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity ("2015 MSGP") for the marina and boat maintenance facility ("the Facility") owned and/or operated by Wareham Boat Yard & Marina, Inc. and Dugan Marin Realty, LLC ("Defendants") in West Wareham, Massachusetts.  In terms of injunctive relief, the proposed consent decree provides that Defendant obtain and maintain coverage under the 2015 MSGP; monitor and sample four times per year at all outfalls/discharge points discharging industrial stormwater from the Facility; inspect and monitor the Facility in compliance with the requirements of the 2015 MSGP; provide Plaintiff with copies of inspections and sampling results; implement additional control measures and/or maintain control measures at the Facility; allow Plaintiff up to one annual site inspection each year during the term of the proposed consent decree; and provide copies of all documents submitted to the U.S. Environmental Protection Agency, the Massachusetts Department of Environmental Protection, or any town concerning water quality or Clean Water Act compliance regarding the Facility.  The proposed consent decree also provides that Defendant will pay $20,000 to Plaintiff for attorneys' fees, expert fees, filing fees and other costs incurred to date as well as reasonably anticipated costs incurred for compliance monitoring and case management during the term of the consent decree.

Where a consent judgment provides for the possible payment of sums to a third party that is to undertake a supplemental environmental project ("SEP"), the United States ordinarily requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax-exempt entity and that it (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

The proposed consent decree further provides that the Defendant shall make SEP payments to the Town of Wareham.  The Town of Wareham shall receive four equal payments totaling $15,000 that shall be dedicated to the Shellfish Propagation Account for the purpose of supporting the Harbormaster's Weweantic River oyster restoration effort for the environmental benefit of the Weweantic River.  On April 7, 2016, the United States received via e-mail a letter from the Town of Wareham confirming that all funds received as a result of the proposed consent decree would be used solely for the purposes outlined in the decree and agreeing not to use any of the funds it receives to conduct a SEP to fund political lobbying activities; a copy of the letter is attached.  The United States believes that the letter will help to ensure that any monies expended under the proposed consent decree will be used in a manner that furthers the purposes of the Act, and that is consistent with the law and the public interest.

Given these representations and understandings, the United States has no objection to the entry of the proposed consent judgment that will be filed with the Court.  We accordingly notify the Court of that fact.  The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not

bound by cases to which he was not a party); <u>Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.</u>, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); <u>Sierra Club v. Elec. Controls Design</u>, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).  The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications.  <u>See</u> 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court.  Please contact the undersigned at 202-616-7349 if you have any questions.

Sincerely,

_____/s/ Laurie Dubriel_____
Laurie Dubriel, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C.  20044-7415

cc:     Counsel of Record

Attachment